## DECLARATION OF QIMIN "JIMMY" CHEN

I, Qimin "Jimmy" Chen, do hereby state under oath as follows as being true and within my personal knowledge:

1. I am an adult of sound mind capable to swear an oath and attest to the following facts.

2. I am engaged by Jones Digital, LLC ("Jones Digital") as its agent and serve as its project manager at its data center operations in Arkansas County, Arkansas.

3. As a new business, Jones Digital had to undertake substantial costs in order to operate. I have personal knowledge that this amount is no less than $502,158.60 and continues to accrue as the construction project nears completion and the site becomes operational.

4. Jones Digital is in the business of providing mining host services to its up-stream customers.

5. Prior to the October Ordinance, Jones Digital would have been be able to service its customers arising from the data center operations in Arkansas County, Arkansas.

6. The October Ordinance will prevent Jones Digital from being able to operate and therefore disrupts its ability to service its customers.

7. If Jones Digital is not able to service its customers, then Jones Digital will suffer economically including losing what it has already invested, as well as losses to its reputation and goodwill.

8. If Jones Digital is unable to perform under its agreements, then its customers will leave and I would not expect them to return at future sites, and potential

EXHIBIT 2

future customers may be chilled from engaging with Jones Digital in expanding its business operations.

9. Without the ability to expand its operations, Jones Digital cannot bid on larger service contracts or accept projects on short notice.

10. The ability to grow and accommodate its current and future customers' needs is critical to Jones Digital's commercial viability.

11. Even if Jones Digital ultimately prevails in this case, any customers Jones Digital loses—if and when the October Ordinance goes into effect—would be unlikely to return once the Ordinance's restrictions are lifted.

12. To preserve the confidentiality of its sensitive commercial information, as well as the sensitive commercial information of its up-stream customers, Jones Digital has requested Defendants to enter an agreed protective order to allow for the exchange of its confidential commercial information; however, at the time of this declaration, Defendants have not yet agreed to that proposed protective order.

13. Upon agreement by the Defendants to an appropriate protective order, Jones Digital stands ready to submit under seal the contracts at issue to demonstrate the loss of goodwill and business expectancy that would cause Defendants to sustain irreparable harm absent entry of a preliminary injunction.

**VERIFICATION**

I, Qimin "Jimmy" Chen, declare under the penalty of perjury, verify that the information contained in the above declaration is true and correct to the best of my knowledge, information, and belief.

_____
Qimin "Jimmy" Chen