## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JONES DIGITAL, LLC**                                                    **PLAINTIFF**

**VS.**                          **NO. 2:23-cv-220-LPR-JTK**

**ARKANSAS COUNTY, ARKANSAS;**
**THOMAS BEST, in his official capacity**
**as Arkansas County Judge; JOHNNY**
**CHEEK, in his official capacity as**
**Arkansas County Sheriff; TIM BLAIR,**
**in his official capacity as**
**Arkansas County Prosecuting Attorney**              **DEFENDANTS**

## AMENDED CONSENT DECREE

### I.      Introduction

Plaintiff Jones Digital, LLC ("Jones Digital") commenced this action on November 1, 2023. Dkt. No. 1. Jones Digital's verified complaint alleged four causes of action against defendants Arkansas County, Arkansas; Thomas Best, in his official capacity as Arkansas County Judge; Johnny Cheek, in his official capacity as Arkansas County Sheriff; and Tim Blair, in his official capacity as Arkansas County Prosecuting Attorney (jointly, "Defendants"). The Court's jurisdiction over this action rests on 28 U.S.C. §§ 1331, 1332(a), and 1367(a), and venue is proper in this Court under 28 U.S.C. §§ 1391 and 83(a)(2).

Jones Digital's complaint sought a declaratory judgment that enactment and threatened enforcement of Arkansas County Ordinance 2023-11, enacted October 10, 2023 (hereafter "October Ordinance"), violated Act 851 of 2023, as duly enacted by the Arkansas General Assembly, both facially and as applied to Jones Digital, and

therefore was unenforceable; Jones Digital asked that Defendants be restrained from retaliating against Jones Digital for exercising its right to seek redress for its grievances; Jones Digital sought the award of just compensation for the taking of its private property; and Jones Digital sought the recovery of damages, fees, and costs, including its reasonable attorneys' fees under 42 U.S.C. §§ 1983 and 1988 on its constitutional claims, including violations of federal and state constitutional provisions ensuring the equal protection of laws.

Jones Digital simultaneously filed a motion for temporary restraining order and preliminary injunction on November 1, 2023. Dkt. No. 2. On November 16, 2023, the Court held a hearing on Jones Digital's motion. After hearing testimony and argument presented on behalf of both Jones Digital and Defendants, the Court granted in large part Jones Digital's motion for preliminary injunction. That injunction was issued by transcription of the Court's oral ruling from the bench in accordance with Fed. R. Civ. P. 65(d). Dkt. No. 26. The Court ruled that the October Ordinance was discriminatory and unenforceable as in violation of Act 851 of 2023. The Court's preliminary injunction order specifically extended both to Defendants and also "other persons who are in active concert or participation" with Defendants. Fed. R. Civ. P. 65(d)(2)(C).

On January 10, 2024, the Court issued its final scheduling order, and discovery has commenced. Jones Digital and Defendants have conferred and wish to resolve this matter by agreement, including making permanent the preliminary injunction order issued by the Court.

2

The Court convened a hearing on April 26, 2024 to address the language of the Parties' original proposed consent decree. Dkt. No. 53-1. At that hearing, the Parties agreed to modify certain language of the proposed consent decree to accommodate an agreement reached between the Parties and certain non-parties in exchange for their withdrawal of a motion to intervene, which was withdrawn orally on the record. Dkt. No. 55. The Parties agreed to submit a proposed amended consent decree to modify certain language of the proposed consent decree to address concerns raised by the Court.

## II.     Components of Amended Consent Decree

### A.     Purpose

The purpose of this amended consent decree is to effectuate the settlement agreement reached by Jones Digital and Defendants to resolve the claims brought by Jones Digital against Defendants in this action. Jones Digital intends to preserve all other claims it may have, but to release only those claims it could have brought against Defendants in this action. Defendants have determined that reaching this settlement agreement is in the public interest. Jones Digital and Defendants agree to the entry of a permanent injunction order subject to the continuing enforcement power of this Court. Jones Digital and Defendants agree that interpretation of this amended consent decree should be undertaken with the purpose of reinforcing principles of non-discrimination against Jones Digital. Nothing contained in this amended consent decree shall be interpreted to permit or constrain any non-parties

from exercising or engaging in any activity protected by the Constitution or laws of the United States of America or State of Arkansas.

**B.    Enforceable Provisions**

1.    Jones Digital and Defendants have reached full and final settlement pursuant to the terms and conditions set forth in this amended consent decree.

2.    Jones Digital and Defendants agree that the Court retains jurisdiction to enforce the terms of this settlement, as evidenced by this amended consent decree.

3.    The Court shall have authority to resolve any disputes among Jones Digital and the Defendants pertaining to their settlement.

4.    Defendants agree to entry of a permanent injunction to effectuate the non-discrimination principles underlying the Court's preliminary injunction order. Accordingly, Defendants agree to the following:

a.    Defendants shall not enact, enforce, or effectuate any law or practice that intentionally or effectively operates as a discriminatory industry-specific regulation or tax directed against Jones Digital to the extent the discrimination is unlawful or retaliatory under state or federal constitutional or statutory law.

b.    Defendants agree this prohibition and restraint arises independently from Act 851 of 2023 and shall not be foreclosed or otherwise limited by any amendment thereto or by any subsequently-enacted state statute.

4

c.     Defendants agree this prohibition and restraint applies to Defendants and to each of Defendants' successors-in-interest without limitation and that the terms of this consent decree redound to the benefit of any successor-in-interest of Jones Digital.

d.     Defendants agree to pay $90,000.00 to Jones Digital in compensation for its fees and costs, including its reasonable attorneys' fees, and as the prevailing party under Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1983 and 1988, with such payment to be delivered to and received by Jones Digital on or before 14 calendar days following entry of this Consent Decree.

e.     Defendants shall not inhibit, constrain, or otherwise interfere with Jones Digital's lawful business operations in Arkansas County (nor attempt to do so) to the extent the inhibition, constraint, or interference is unlawful or retaliatory under state or federal constitutional or statutory law.

f.     Defendants shall not act in concert with any person or entity that inhibits, constrains, or otherwise interferes or attempts to inhibit, constrain, or otherwise interfere with Jones Digital's lawful business operations in Arkansas County to the extent the inhibition, constraint, or interference is unlawful or retaliatory under state or federal constitutional or statutory law.

g.     Defendants shall undertake no action or inaction in retaliation against Jones Digital, or any employee, agent, lessor, or vendor of Jones Digital, for Jones Digital's exercise of its right to seek redress of grievances in this action.

h.      Defendants shall not act in concert with any person or entity that undertakes any action or inaction in retaliation against Jones Digital, or any employee, agent, lessor, or vendor of Jones Digital, for Jones Digital's exercise of its right to seek redress of grievances in this action.

i.      Defendants shall undertake no action or inaction to inhibit, constrain, or otherwise interfere with Jones Digital's access to utility services that are generally available to commercial actors in Arkansas County, Arkansas to the extent the inhibition, constraint, or interference is unlawful or retaliatory under state or federal constitutional or statutory law.

j.      Defendants shall indemnify and hold harmless Jones Digital from all costs, fees, and damages stemming from any civil action brought by Defendants or any private party concerning Jones Digital's lawful business operations in Arkansas County, Arkansas, should it be determined that such a civil action has been directed, encouraged, or facilitated, by any Defendant, by any other Arkansas County elected official, or by anyone who has acted in concert with Defendants. Likewise, Defendants shall indemnify and hold harmless Jones Digital from all costs, fees and damages incurred by Jones Digital following a successful action to enforce the terms of this Consent Decree or permanent injunction. This provision does not apply to any action brought by the State of Arkansas.

k.      Defendants waive any right to seek modification of the express terms of this consent decree.

l.      Defendants waive any right to appeal from entry of this consent decree, from the permanent injunction order, or from any final judgment issued by this Court.

5.      In exchange for the above agreements and commitments of Defendants, Jones Digital agrees to release all claims that it brought or that it could have brought against Defendants in this action, except this release specifically does not extend to foreclosing or limiting Jones Digital's right to enforce all terms of this consent decree through appropriate legal action.

6.      The Court finds that entry of this consent decree is in the public interest and reflects a negotiated settlement based on arms-length negotiations of Jones Digital and Defendants.

7.      Jones Digital and Defendants will each bear their own costs and attorneys' fees except as otherwise expressly provided in this consent decree.

8.      By virtue of and to effectuate the agreement of Jones Digital and Defendants, the Court will issue a permanent injunction order in accordance with Fed. R. Civ. P. 65(d) that provides for each of the above provisions and retains jurisdiction to enforce them.

9.      Upon entry of that permanent injunction order, and upon receipt of the full payment identified in Paragraph 4(d), Jones Digital agrees to promptly submit a filing to indicate the satisfaction of the judgment embodied by this consent decree and the permanent injunction order.

THEREFORE, based on the agreement of Jones Digital and the Defendants, it is considered, ordered, and adjudged that this consent decree should be and hereby is entered, including a permanent injunction order in accordance with Fed. R. Civ. P. 65(d). Upon filing of the notice of satisfaction as outlined under Paragraph 9, Jones Digital's claims against Defendants will be concluded except for any proceeding commenced to enforce this consent decree or the permanent injunction order.

_____
The Hon. Lee P. Rudofsky
United States District Judge

Date: May 1, 2024

*Jointly submitted:*

_____
Stephen R. Giles (75046)
Gregory T. Jones (83097)
Alexander T. Jones (2015246)
William J. Ogles (2018108)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:      sgiles@wlj.com;
gjones@wlj.com; ajones@wlj.com;
wogles@wlj.com

*Attorneys for Jones Digital, LLC*

_____
C. Burt Newell (82118)
Attorney at Law
P.O. Box 1620
Hot Springs, AR 71902-1620
(501) 321-2222
E-Mail: burt@hotspringslaw.net

*Attorneys for Defendants*